UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Chapter 11

ENERGY CONVERSION DEVICES,                                Case No. 12-43166
INC., et al.,[1]                                          (Jointly Administered)

          Debtors.                              Judge Thomas J. Tucker
_____/

**OPINION REGARDING THE "LIQUIDATION TRUSTEE'S OBJECTION TO U.S. BANK'S NEW CLAIMS [PROOF OF CLAIM NOS. 649 AND 650] AND MOTION TO DENY THE NEW CLAIMS AS UNTIMELY FILED" (DOCKET # 2156)**

These jointly-administered cases came before the Court for a hearing on January 29, 2014, on the Liquidation Trustee's objection to proof of claim nos. 649 and 650 of U.S. Bank N.A. ("U.S. Bank")(Docket # 2156, the "Objection"). For the following reasons, the Court will overrule the Objection.

The general deadline for filing a proof of claim in this case was June 21, 2012. U.S. Bank timely filed two proofs of claim, on June 21, 2012 (Claim Nos. 470 and 485, the "Original Claims"). In the Objection, the Liquidation Trustee argues that U.S. Bank's *amended* proofs of claim (Claim Nos. 649 and 650, the "Amended Claims"), which were filed on November 5, 2013, are untimely. This is so, the Trustee argues, because (1) the Amended Claims were filed long after the June 21, 2012 claims bar date in this case; and (2) they do not "relate back" to the date on which U.S. Bank timely filed its Original Claims. The Trustee further argues that if the Court agrees with the Trustee that the Amended Claims do *not* relate back, the Court should not retroactively enlarge the June 21, 2012 claims deadline to consider the Amended Claims to be

---

[1] The Debtors in these jointly administered cases are Energy Conversion Devices, Inc. (Case No. 12-43166) and United Solar Ovonic LLC (Case No. 12-43167).

timely, under Fed.R.Bankr.P. 9006(b)(1), based on "excusable neglect."

The Trustee's Objection describes the law on relation-back of claim amendments, in pertinent part, as follows:

> 22. An amended claim may relate back to the date of the original proof of claim "if the claims in the amendment arise from the same conduct, transaction, or occurrence, as required under Rule 15 of the Federal Rules of Civil Procedure." *In re Xechem lnt'l*, [*Inc.*], 424 B.R. 836, 841 (Bankr. N.D. Ill. 2010); *In re Stavriotis*, 977 F.2d [1202,] 1204 [(7th Cir. 1992)].
>
> 23. In other words, an amended claim will relate back when it "(i) corrects a defect of form in the original claim; (ii) describes the original claim with greater particularity; or (iii) pleads a new theory of recovery on the facts set forth in the original claim." [*Midland Cogeneration Venture Ltd. P'ship v. Enron Corp.* (]*In re Enron*[)], 419 F.3d [115,] 133 [(2d Cir. 2005)].
>
> 24. Where a proposed amendment alters the legal theory on which recovery is based, the amendment may be allowed, provided, however, that the new theory is based on the facts set forth in the original claim. *See Hatzel & Buehler, Inc. v. Station Plaza Assocs.*, [*L.P.*], 150 B.R. 560, 562 (Bankr. D. Del. 1993).[2]

At the hearing on the Objection, the Trustee's counsel listed the items of damages in the Amended Claims that the Trustee contends are "new" items of damage, not previously itemized in the Original Claims, that the Trustee contends should not be considered to relate back to the Original Claims. Following is the list. The description of each item in the list is taken from a chart contained on page 4 of the Trustee's reply brief (Docket # 2172), as narrowed by Trustee's counsel during the hearing. The dollar amount of each item in this list is supplied by the Court, and is taken from the Amended Claims themselves, which appear at Docket # 2176, Exhibits 5 and 6, each on the fifth page:

---

[2] Objection (Docket # 2156) at 7.

| "New Claims" | Amount |
|---|---|
| Electrical Generator Removal | $240,000.00 |
| Crane and Beam Removal | $250,000.00 |
| De-Ionized Water system, Chilled Water System and Air Compressors Removal | $1,046,000.00 |
| Gas Farm Removal | $375,000.00 |
| Dry Wall Damage | $950.00 |

The Court concludes that each of these items of damage in the Amended Claims *does* "arise from the same conduct, transaction, or occurrence," as set forth in the Original Claims, including the damages set forth in the general description in Paragraph 8 of the Addendum attached to each of U.S. Bank's Original Claims,[3] and that each of these items *does* simply "describe the original claim with greater particularity," within the meaning of the cases cited by the Trustee, quoted above. As a result, under the legal standards argued by the Trustee, the Amended Claims do relate back to the date on which U.S. Bank timely filed its Original Claims. So the Amended Claims are not untimely.

The Original Claims filed by U.S. Bank included the following statement regarding additional damages being claimed, in the Addendum:

> 8. In addition to the damages set forth herein, and to the extent U.S. Bank is not entitled to an additional administrative expense claim, **this Claim will be amended to include damages resulting from USO's** breach of the Lease as a result of its rejection of the Lease and **removal of equipment and other personal property in violation of the Lease**. Such damages

---

[3] The Original Claims filed by U.S. Bank appear as Exhibits 3 and 4 at Docket # 2176. *See also* the general description in Paragraph 8 of the Addendum attached to the two proofs of claim filed by Pegasus Group ("Pegasus")(Docket # 2176, Exhibits 1 and 2), and in Paragraph 7 of the Addendum attached to the two amended proofs of claim filed by Pegasus on September 7, 2012 (Docket # 1507, Exhibits A and B).

include, but are not limited to, damage to the roof, damage to the parking lot, . . ., damage to HVAC and exhaust units and fire extinguishers, damage to the landscaping, environmental damages and liabilities, cleaning fees, plumbing damages and other costs to be incurred in restoring the property to the condition set forth in the Lease. As of the date of this Claim, such damages total at least $154,190.30.[4]

In addition, the original claims that were timely filed by Pegasus, for which U.S. Bank now claims to be the real party in interest, as secured creditor of Pegasus, stated the following, in the Addendum:

8. In addition to the damages set forth herein, and to the extent Pegasus is not entitled to an additional administrative expense claim, which claim is specifically reserved, **this Claim will be amended to include damages resulting from USO's** breach of the Lease as a result of its rejection of the Lease and **removal of equipment and other personal property in violation of the Lease. Such damages include, but are not limited to, damage to the roof, damage to the parking lot, damage to HVAC and exhaust units and fire extinguishers, damage to the landscaping, environmental damages and liabilities, cleaning fees, plumbing damages and other costs to be incurred in restoring the property to the condition set forth in the Lease. As of the date of this Claim, such damages include the following** ("Additional Damage Claim"):

| ITEM | TOTAL COST |
|---|---|
| Fill in Pits | No Bid Yet |
| HVAC & Roof | $ 20,790.00 |
| Interior Slab- bolts, etc | 10,000.00 |
| Parking Lot (Concrete) | $ 10,698.00 |
| | $ 9,498.00 |
| Parking Lot (Seal & Slurry Coat) | $ 12,300.00 |
| | $ 11,286.00 |
| Waste Removal & Disposal | $ 11,450.00 |
| Fire Alarm Inspection | $ 3,500.00 |
| Fire Extinguishers | $ 510.00 |
| Fire Suppression System | $ 7,400.00 |
| Landscaping | $ 1,000.00 |

---

[4] Docket # 2176, Exhibits 3 and 4 (emphasis added).

| | |
|---|---|
| Environmental Cleaning | $ 4,500.00 |
| Carpets/Tile/Windows | $ 2,608.30 |
| Plumbing | NO BID YET |
| Electrical | $ 31,000.00 |
| | $ 17,650.00 |
| | |
| Total | $154,190.30[5] |

Finally, the amended claims filed by Pegasus on September 7, 2012, which the Trustee has not argued were untimely, stated the following in the Addendum:

> 7. **In addition to the damages set forth herein**, and to the extent Pegasus is not entitled to an additional administrative expense claim, which claim is specifically reserved, **this Claim will be amended to include damages resulting from USO's** breach of the Lease as a result of its rejection of the Lease and **removal of equipment and other personal property in violation of the Lease. Such damages include, but are not limited to, damage to the roof, damage to the parking lot, damage to HVAC and exhaust units and fire extinguishers, damage to the landscaping, environmental damages and liabilities, cleaning fees, plumbing damages and other costs to be incurred in restoring the property to the condition set forth in the Lease. As of the date of this Claim, such damages include the following** ("Additional Damage Claim"):
>
> | ITEM | TOTAL COST |
> |---|---|
> | Fill in Pits | $ 256,292.00 |
> | HVAC & Roof | 22,178.79 |
> | Parking Lot (Concrete) | 10,698.00 |
> | Parking Lot (Seal & Slurry Coat | 12,300.00 |
> | Waste Removal & Disposal | 11,450.00 |
> | Fire Alarm Inspection | 572.00 |
> | Fire Extinguisher Inspection | 510.00 |
> | Fire Extinguisher Repairs | 10,697.00 |
> | Fire Suppression System Inspection | 500.00 |
> | Fire Suppression System Repairs | 9,750.00 |
> | Landscaping | 1,053.52 |
> | Environmental | 4,500 .00 |
> | Cleaning Carpets/Tile/Windows | 2,608.30 |
> | Floors | 324,000.00 |

---

[5] Docket # 2176, Exhibits 1 and 2 (emphasis added)(footnotes omitted).

5

| | |
|---|---|
| Electrical | 31,000.00 |
| Subtotal | $ 698,109.61 |
| Legal Fees (through July 2012) | $ 101,127.74 |
| Construction Mgmt Fee (5% of Subtotal) | 18,705.48 |
| Total | $ 817,942.83[6] |

Each of these timely claims filed by U.S. Bank and Pegasus clearly included damages for removal of equipment from the leased property, in violation of the Debtor USO's lease with Pegasus, and for damage done to the property itself. And each claim made clear that the dollar amount and itemization of such damages stated was not exhaustive, and that the claim would be amended later to provide further detail.

For the above reasons, under the legal standards quoted above, the U.S. Bank Amended Claims relate back to the date of filing of the earlier, timely claims filed by U.S. Bank and by Pegasus.

This is so without regard to whether or to what extent the Trustee may have been prejudiced by any delay on U.S. Bank's part in filing the Amended Claims. But arguably, the Trustee can be viewed as contending that U.S. Bank is barred by the doctrine of *laches* from filing the Amended Claims, because, according to the Trustee, U.S. Bank unreasonably delayed in filing the Amended Claims *and* the Trustee was prejudiced by such delay. *Cf. In re Daniels*, 270 B.R. 417, 425-28 (Bankr. E.D. Mich. 2001)(discussing *laches* in the context of delay by a debtor in filing an amended claim of exemptions). Even if *laches* could be used to bar amended claims that are timely under the relation-back doctrine, however, the Court finds that the Trustee

---

[6] Docket # 1507, Exhibits A and B (emphasis added)(footnotes omitted).

has not demonstrated that he has been prejudiced by U.S. Bank's delay. So *laches* does not apply.

When the Trustee served his written discovery requests regarding his original objection to the claims of Pegasus and U.S. Bank, or at any other time during discovery, the Trustee could have asked (and therefore required) Pegasus and U.S. Bank each to itemize and describe in detail *all* damages of the type alluded to in U.S. Bank's Original Claims and in Pegasus's original and amended claims. But it appears that the Trustee did not do this, instead seeking discovery only about the specific items of damages itemized in the Pegasus and U.S. Bank claims.[7] The Trustee may incur some additional expense and delay from now having to seek discovery about,[8] and investigate, the allegedly "new" damage items listed in the Amended Claims. But the extent to which such additional expense and delay *is attributable to U.S. Bank's delay in filing the Amended Claims* should be minimal. In addition, the Trustee was on fair notice from the beginning that Pegasus and U.S. Bank were claiming additional damages of the types described generally in their claims, in addition to those specifically itemized. For this reason, the Court finds that any delay by U.S. Bank in filing the Amended Claims, even if it could be viewed as an unreasonable delay, did not proximately cause additional expense or delay, or any other form of prejudice, to the Trustee. The Amended Claims, therefore, are not barred by *laches*.

For these reasons, the Court will overrule the Trustee's Objection. The Court will enter a

---

[7] *See, e.g.*, "Liquidation Trustee's First Set of Discovery Requests to the Pegasus Group," filed and served February 6, 2013 (Docket # 1732), at 13-16, Interrogatory Nos. 1-11.

[8] As discussed during the hearing, currently the deadline for completion of discovery is February 13, 2014. The Court will grant the Trustee a reasonable extension of that deadline, if the Trustee so requests. The Trustee will not be prevented from now seeking discovery regarding the allegedly "new" damage items.

7

12-43166-tjt    Doc 2196    Filed 02/11/14    Entered 02/11/14 10:33:59    Page 7 of 8

separate order.

**Signed on February 11, 2014**  /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**